UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 04-cv–00587-WYD-PAC

JAN L. ROSS,

    Plaintiff,

v.

JO ANNE B. BARNHART, Commissioner of Social Security,

    Defendant.

_____

**ORDER**
_____

THIS MATTER is before the Court on the Motion for an Award of Attorney Fees under 42 U.S.C. § 406(b) filed by Plaintiff's counsel. This motion seeks an additional award of fees in the amount of $4,880.50 in connection with Plaintiff's appeal of Defendant's decision that denied Plaintiff's applications for disability insurance benefits and supplemental security income under the Social Security Act. I reversed the Commissioner's decision and remanded the case for further administrative proceedings pursuant to 42 U.S.C. § 405(g) by Order dated September 27, 2006. Judgment was issue on September 28, 2006.

Attorney fees were previously awarded in the amount of $5,821.20 under the Equal Access to Justice Act. Plaintiff's counsel now seeks an additional award of fees under 42 U.S.C. § 406(b) in the amount of $4,880.50 for 37.8 hours of work in this case. A Memorandum in Support of Motion for an Award of Attorney Fees under 42 U.S.C. § 406(b) was filed, which attaches documentation in support of the fee request.

42 U.S.C. § 406(b) provides in pertinent part, "Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . . "  In this case, it is asserted that Plaintiff is entitled to past-due benefits in the amount of $64,005.00.  The total amount sought by Plaintiff is less than 25% of that amount.

Having reviewed Plaintiff's motions and the attachments thereto which document the fees, I find that the amount of fees sought is reasonable for substantially the reasons set forth in Plaintiff's motion.  I note that Plaintiff entered into a contingent fee agreement whereby counsel would be awarded 25% of the fees.  Section 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court."  *Gisbrecht v. Barnhart*, 535 U.S. 789, 807-09 (2002).  Instead, "§ 406(b) instructs courts to review for reasonableness fees yielded by those agreements."  *Id.*

In the case at hand, the memorandum brief in support of the motion states that Plaintiff contracted with her counsel to pay 25% of past-due benefits obtained as a result of her attorney's successful efforts.  The requested fee is reasonable because it reflects the contingent nature of the recovery and is actually significantly less than Plaintiff contracted to pay.  I also find that the fee is reasonable because Plaintiff's case had already been denied at three levels of agency review prior to the initiation of the civil action, counsel was required to spend substantial amount of time in this case on

-2-

legal and factual issues, and the results obtained were very favorable to Plaintiff. Finally, Defendant does not dispute the reasonableness of the fees. Accordingly, it is

ORDERED that the Motion for an Award of Attorney Fees under 42 U.S.C. § 406(b) filed January 11, 2007 is **GRANTED**. In accordance therewith, it is

ORDERED that Plaintiff's counsel is awarded an additional attorney fee sum in the amount of **$4,880.50**.

Dated:  January 22, 2007

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge